**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANA M. QUIRK**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LOWELL GUY CAIN, JR.,            )
                                 )
    Appellant-Defendant,         )
                                 )
      vs.                      )     No. 18A02-1403-CR-149
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1306-FD-90

**October 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Lowell Guy Cain, Jr. appeals his conviction for domestic battery, as a Class D felony. Cain raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 4, 2013, Cain lived with K.R. in Delaware County. Cain and K.R. had three minor children together, each of whom lived with Cain and K.R. That morning, Cain and K.R. got into an argument. While "yelling and screaming in [K.R.'s] face," Cain followed K.R. into the laundry room, where he then repeatedly struck her while "he continued to yell and scream." Tr. at 4-5. The children were asleep in their bedrooms at the time. The children's bedrooms were adjacent to the kitchen, which was adjacent to the laundry room. The house's laundry room, kitchen, and children's bedrooms form a straight line to the front of the house.

On June 10, the State charged Cain with domestic battery, as a Class D felony, among other charges.[1] At the ensuing bench trial, K.R. testified that the distance from the laundry room to the children's bedrooms was on par with the prosecutor's distance "to the wall" of the courtroom, though there is not an estimate of this distance in the record. Id. at 7. The court found Cain guilty of domestic battery, as a Class D felony, and sentenced him accordingly. This appeal ensued.

---

[1] Cain does not appeal his other convictions or his resulting sentences.

**DISCUSSION AND DECISION**

Cain asserts on appeal that the State failed to present sufficient evidence to support his conviction for domestic battery, as a Class D felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To demonstrate that Cain committed domestic battery, as a Class D felony, the State was required to show, as relevant here, that Cain knowingly or intentionally battered and injured K.R. "in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." Ind. Code § 35-42-2-1.3(b)(2). It is well established under Indiana Code Section 35-42-2-1.3(b)(2) that "none of the children had to actually sense the battery; there only needed to be the possibility that they 'might' see or hear it." True v. State, 954 N.E.2d 1105, 1111 (Ind. Ct. App. 2011). On appeal, Cain argues only that the State failed to show that any of the three children might have been able to see or hear the offense. We cannot agree.

K.R. testified that the children were in the house during the battery. In particular, she testified that they were in their bedrooms, and that only the kitchen separated the laundry room, where the battery occurred, from the children's bedrooms. She further

3

testified that Cain was yelling and screaming during the battery. And, during the trial, she informed the court that the distance from the prosecutor to one of the courtroom walls was a close approximation of the distance from the laundry room to the children's bedrooms. While this distance is not reflected in the record, the trial court, the fact-finder here, was able to see it.

Cain's argument on appeal is simply a request for this court to reweigh the evidence that was before the trial court. We will not do so. The State's evidence permitted the fact-finder to conclude that the offense occurred "in the physical presence of a child." I.C. § 35-42-2-1.3(b)(2); see, e.g., True, 954 N.E.2d at 1111. As such, we affirm Cain's conviction.

Affirmed.

BAILEY, J., and PYLE, J., concur.